UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY HAROLD,<br>　Plaintiff, | )<br>)<br>) |
| vs. | )　　No. 19-4199<br>) |
| CHRISTINE BRANNON, et. al.,<br>　Defendants | )<br>) |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, has filed his complaint pursuant to 42 U.S.C. §1983 against several Defendants at East Moline Correctional Center including Warden Christine Brannon, Assistant Warden Robert Hamilton, Maintenance Engineer Pat Ruhl, Grounds Supervisor Kenny Grant, Grounds Supervisor Terry Stone, and an unspecified number of Jane and John Doe Defendants. (Comp., p. 1, 2-3).

Plaintiff says on June 13, 2019, he was "directed to walk along a certain route with his assigned housing unit while returning from the Dietary Department." (Comp., p. 5). Plaintiff says while walking, he fell in a "sinkhole/hole" which was about three feet deep and a half a foot wide. Plaintiff says holes in the walkway are visible, but

1

residents are ordered to follow a particular pathway.  Plaintiff also says some prison employees believe the holes are caused by erosion and improper upkeep of the grounds.  Plaintiff claims prison staff was deliberately indifferent to the hazardous condition and "grossly negligent" in their duty to maintain a safe environment for inmates. (Comp., p. 6).

After he fell, Plaintiff was in severe pain and unable to stand. Plaintiff was transported to the prison hospital.  Plaintiff claims he suffered "permanent injuries," but he does not provide any additional information or even state what part of his body was injured. (Comp., p. 6).

Plaintiff does claim Dr. Rankin issued several medical restrictions and crutches to assist Plaintiff.  However, Plaintiff says Dr. Rankin misdiagnosed his injury.  Plaintiff refers to an x-ray which is not attached to his complaint.  Plaintiff again provides no further explanation of this allegation, but claims Dr. Rankin committed the state law tort of medical malpractice.

There are several problems with Plaintiff's complaint.  First, Plaintiff is attempting to allege Defendants violated his Eighth Amendment rights based on the hazardous hole in the walkway.  To state a claim pursuant to §1983 claim, Plaintiff must allege Defendants were deliberately indifferent to a serious risk of substantial harm. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008)(internal citation omitted). "[T]he defendant need not intend harm, but he must know that an excessive risk exists to the plaintiff's health and safety if no corrective action is taken." *Watkins v. Lancor*, 2013 WL 812521, at *1 (E.D.Wis. March 5, 2013) *citing Farmer v. Brennan,* 511 U.S. 825, 827 (1994).

2

However, the actual risk to the Plaintiff "is evaluated on an objective basis—the allegedly dangerous prison condition must deprive an inmate of the minimal civilized measure of life's necessities." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004)(internal citation omitted).

Therefore, even if a defendant knew about a dangerous prison condition and purposefully ignored it, a plaintiff will not be entitled to relief if the complaint does not allege a sufficiently serious condition. *Christopher,* 384 F.3d at 882. Many courts have found "poorly maintained surfaces….do not pose a substantial risk of serious harm supporting a constitutional violation…" *Reyes v. Brown*, 2017 WL 1355004, at *5 (S.D.Cal. April 4, 2017)(listing cases); *see also Christopher,* 384 F.3d at 882 (exposure to a dangerous softball field did not offend contemporary standards of decency); *Watkins*, 2013 WL 812521, at *1 (plaintiff's claim that prison failed to fix known leak resulting in plaintiff's fall and injury "does not offend contemporary standards of decency" and instead alleges "ordinary negligence."); *Hopkins v. Dittmann*, 2012 WL 3882321, at *3 (E.D.Wis. Sept. 6, 2012)(even assuming defendants knew walkway was snow-covered and icy, it was not an objectively serious condition pursuant to the Eighth Amendment); *Seymore v. Dep't of Corr Servs.*, 2014 WL 641428, *4 (S.D. N.Y. Feb. 18, 2014)(alleged exposure to unsafe living conditions including bathroom floor with potholes, cracks and leaks which caused inmate to slip and fall, failed to meet the standard for an Eighth Amendment violation).

Instead, Plaintiff's complaint alleges Defendants were negligent when they failed to repair holes in the walkway or street which does not rise to the level of an Eighth Amendment violation. *See Giles v. Tobeck*, 895 F.3d 510, 513 (7th Cir. 2018)("negligence or even gross negligence is not enough to show a constitutional violation."); *Hopkins,* 2012 WL 3882321, at *3 (plaintiff's slip and fall allegation "states a classic claim for negligence, which he is free to allege in state court.").

Second, if Plaintiff was intending to allege a Defendant violated his Eighth Amendment rights based on the medical care provided, he has failed to adequately state a claim. To state a constitutional claim, Plaintiff must allege a Defendant was deliberately indifferent to a serious medical condition. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Plaintiff has failed to identify a serious medical condition since he does not identify or describe his injury. In addition, Plaintiff has not explained how any individual was deliberately indifferent to his injury.

At most, Plaintiff says the doctor somehow misdiagnosed his injury, but again, Plaintiff has alleged negligence, not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Parks v. McCoy*, 35 Fed.Appx. 239, 241 (7th Cir. 2002) ("Numerous cases hold, however, that medical misdiagnoses or malpractice do not violate the Eighth Amendment.").

Plaintiff has clearly alleged "medical malpractice," but this is a state law claim. (Comp., p. 7). Plaintiff can only proceed with a medical malpractice claim in federal court if he also adequately states a federal claim such as deliberate indifference to a serious medical condition. In addition, Illinois law also requires any Plaintiff who is seeking damages for medical malpractice to file an affidavit with the complaint providing required information about his condition. *See* 735 Ill. Comp. Stat. § 5/2-622(a); *see also Young v. United States*, -- F.3d --, 2019 WL 5691878 (7th Cir. Nov. 4, 2019)(allowing *pro se* Plaintiff until summary judgment stage to comply with affidavit requirement in federal court).

Finally, while Plaintiff mentions Dr. Rankin in the body of his complaint, he does not identify the doctor or any other medical provider as a Defendant.

Plaintiff is further admonished liability under §1983 hinges on personal involvement in a constitutional deprivation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Therefore, Plaintiff cannot simply list Jane and John Doe Defendants without at least describing the involvement of the unnamed individuals with his claims.

For all the stated reasons, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. If Plaintiff believes he can articulate an Eighth Amendment claim based on deliberate indifferent to a serious medical condition, he may file an amended complaint within 21 days. The proposed amended complaint must include all claims against all individuals and must stand complete on its own without reference to Plaintiff's first complaint.

In addition, Plaintiff must clarify his injury and symptoms, must clearly identify his medical Defendants, and must explain how each Defendant was deliberately indifferent to his claim.

If Plaintiff would instead prefer to pursue his negligence claims in state court, he may file a motion to voluntarily dismiss within 21 days and the Court will dismiss this lawsuit and refund any unpaid portion of the filing fee. Plaintiff is admonished he must file any complaint in state court within the two year statute of limitations period.

Finally, Plaintiff's motion for appointment of counsel is denied with leave to renew. [5]. Plaintiff must first clearly articulate a federal claim.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A.

2) If Plaintiff believes he can articulate an Eighth Amendment claim based on deliberate indifference to a serious medical condition, he may file an amended complaint in compliance with this order within 21 days. If Plaintiff fails to file his amended complaint on or before December 27, 2019, or fails to follow the Court's directions, his case may be dismissed.

3) If Plaintiff would prefer to pursue his Illinois negligence claims in state court, he may file a motion to voluntarily dismiss within 21 days or on or before December 27, 2019. The Court will then dismiss this action and refund any unpaid portion of the filing fee.

4) Plaintiff's motion for appointment of counsel is dismissed with leave to renew. [5].

5) The Clerk of the Court is directed to provide Plaintiff with a blank complaint form and reset the internal merit review deadline within 30 days of this order.

Entered this 6th day of December, 2019.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE